
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10271 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-02144-RM-JR-2 |
| v. | |
| REY DAVID VILLARREAL-MARTINEZ, AKA Rey David Villareal-Martinez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted September 13, 2017[**]
San Francisco, California

Before: WALLACE and WATFORD, Circuit Judges, and SANDS, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable W. Louis Sands, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

Rey David Villarreal-Martinez appeals from the district court's denial of his motion for a judgment of acquittal, following a jury trial. The jury found Villarreal-Martinez guilty of conspiracy to possess with intent to distribute less than fifty kilograms of marijuana. We review the district court's decision *de novo*, *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997), and affirm.

To obtain a conviction, the government had to prove "(1) there was an agreement between two or more people to commit the crime of possessing marijuana with the intent to distribute it; and (2) [Villarreal-Martinez] joined in the agreement, knowing that it had an unlawful purpose and intending to help accomplish it." *United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017). As did the defendant in *Niebla-Torres*, Villarreal-Martinez argues that the government violated the *corpus delicti* rule when it relied on his confession to convict him. To determine whether the *corpus delicti* rule is satisfied, we assess "whether there is independent evidence that the crime[] actually occurred and whether the prosecution has demonstrated the trustworthiness of the defendant's admissions." *United States v. Lopez-Alvarez*, 970 F.2d 583, 593 (9th Cir. 1992).

In *Niebla-Torres*, the court considered a similar set of facts and held that the government had satisfied its burden of offering "substantial independent evidence" that the defendant "knowingly entered into an agreement to assist marijuana

2

traffickers . . . ." 847 F.3d at 1056, 1057. The defendant in that case was arrested "in close proximity to his co-defendant . . . on a remote mountaintop in an area known to be frequented by marijuana smugglers and their mountaintop scouts." *Id.* at 1056–57. He was found with "hand-held radios, cellular telephones, and binoculars," which an expert witness testified are typically used by scouts. *Id.* at 1057. The defendant was "dressed in camouflage," and the arresting agent "testified that he saw two people hiding together on the mountain for several days before the arrest." *Id.* The court in *Niebla-Torres* also pointed to agent testimony that "drug-trafficking organizations control the majority, if not all, of the smuggling routes" in the area, and "they typically traffic marijuana." *Id.*

The government here, too, offered substantial independent evidence that Villarreal-Martinez knowingly entered into an agreement to assist marijuana traffickers. Federal agents arrested Villarreal-Martinez and his brother after spotting them through an infrared camera on a mountaintop in an area known for marijuana smuggling. The agents found a hand-held radio, cell phones, and binoculars, as well as radio batteries, radio chargers, and solar panels, and an expert witness testified to the use of such items in marijuana-smuggling operations. Villarreal-Martinez and his co-defendant brother were found hiding under camouflage blankets and clothing, and photos taken from the cell phone found on

3

Villarreal-Martinez's person indicate that he had been on the mountain for at least three days before his arrest. An agent at Villarreal-Martinez's trial testified to the fact that "this particular desert corridor is controlled by [the Sinaloa] cartel" and that the cartel smuggles almost exclusively marijuana. The government additionally offered evidence corroborating Villarreal-Martinez's statements about his knowledge of marijuana-trafficking operations—for example, how someone becomes a scout, how scouting works, and how scouts are paid.

Though no evidence was presented in this case indicating that Villarreal-Martinez may have been previously involved in drug-trafficking operations, we do not believe that such evidence is necessary for the government to meet its burden. As in *Niebla-Torres*, "[t]he remote geographic area, the communications equipment, and the expert witness's testimony are circumstantial evidence of the agreement that was at the heart of this drug-distribution conspiracy." *Id.* Therefore, the government met its burden under the first prong of the *corpus delicti* rule.

The government also met its burden under the second prong of the *corpus delicti* rule, which is satisfied by "independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable." *Lopez-Alvarez*, 970 F.2d at 592. "[A]

confession [that] is recorded, voluntary, and the result of an interrogation that is conducted in a manner consistent with the constitutional protections afforded the accused supports a determination that it is 'inherently reliable' . . . ." *United States v. Valdez-Novoa*, 780 F.3d 906, 925 (9th Cir. 2015). Villarreal-Martinez's confession was videotaped, voluntary, and given only after he waived his *Miranda* rights. The form advising Villarreal-Martinez of his *Miranda* rights stated that his confession would be used against him "in the court of law or in any immigration or administrative proceedings." He stated that he gave his confession "without any pressure" and that he felt "relaxed really." Even if he believed that his confession would be used against him only in administrative proceedings, as he now argues, that does not compel a finding that his confession was involuntary. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'").

Because the government satisfied the *corpus delicti* rule, the district court properly denied Villarreal-Martinez's motion for a judgment of acquittal.

**AFFIRMED.**